UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHALON SPORTGEAR INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KABLINK, LLC., )<br>)<br>Defendant. )<br>) | Civil Action No. 1:18-CV-5635<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Athalon Sportgear, Inc. ("Athalon"), by way of complaint against defendant KABLINK, LLC ("Kablink"), alleges that:

## NATURE OF ACTION

1. This is an action for trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and unfair competition and deceptive trade practices under New York law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1338, and 1367.

3. Venue is proper within this judicial district under 28 U.S.C. §1391.

4. Athalon is a corporation organized and existing under the laws of the State of New York with a place of business located at 10 West 33rd Street, New York, New York 10001.

5. Upon information and belief, Kablink is a limited liability company organized under the laws of the State of Texas, with its principal place of business located at 160107 Kensington Drive, Suite 410, Sugar Land, Texas 77479.

6. Upon information and belief, Kablink has sold and/or has contracted to supply goods to customers in the State of New York, including the goods at issue herein, and therefore regularly transacts business in the State of New York, and/or derives significant revenues from the sale of goods within the State of New York, and/or is otherwise subject to the personal jurisdiction of this Court.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Athalon has been manufacturing and selling high quality luggage, travel, and sports gear bags, including ski boot bags, since 1973. In particular, Athalon has been selling its distinctive, high quality, Model 330 ski boot bag since 2006.

8. The Model 330 incorporates a combination of elements that create a distinctive commercial impression which, through Athalon's exclusive use thereof, has come to be recognized by relevant consumers as symbolizing Athalon as the source of this ski boot bag ("The Athalon Trade Dress").

9. More specifically, the Athalon Trade Dress includes (i) a handle arrangement with one handle centrally placed in the vertical direction on the front rectangular panel of the bag, and a second handle located at the triangular peak at the top of the bag, which handle extends vertically for an arbitrarily chosen length having no functional purpose, and which is made of hard black rubber material with a gray vented inlay grip; (ii) a U-shaped zippered-opening flap on the top of the bag, with a horizontal zippered pocket arranged and located on the upper portion of the U-shaped flap; (iii) four semi-circular mesh pads arranged and located on the top, bottom, left and right portions of the rectangular back panel of the bag; (iv) zippers arranged and located on the U-

2

shaped flap and side boot pockets that contrast with the colors of the colors of the bag itself; and (v) a size and shape that is arbitrarily chosen and used exclusive by Athalon.

10. The distinctive combination of elements comprising the Athalon Trade Dress has been exclusive to Athalon, is immediately recognized by consumers as originating with Athalon, and has thus acquired secondary meaning in the minds of relevant consumers due to Athalon's extensive use and promotion thereof. Such distinctive combination of elements are protectable as trade dress and the overall look and total image of the Athalon Model 330 bag are protected under Section 43(a) of the Lanham Act 15 U.S.C. §1125(a).

11. The elements of the Athalon Trade Dress as arranged are both individually and collectively merely ornamental and do not serve any functional purpose.

12. The Athalon Trade Dress is not essential to the use, purpose, cost or quality of the bag.

13. Athalon's exclusive use of the Athalon Trade Dress has not and would not put competitors at a significant non-reputational related disadvantage.

14. Kablink is distributing and offering for sale a ski boot bag, under at least the name "Athletico," that copies identically each and every one of the aforesaid core features that, in combination, constitute the Athalon Trade Dress ("the Athletico Bag").

15. The Athletico Bag also copies other non-functional features that add to the distinctive commercial impression of Athalon's Model 330 ski boot bag. Specifically, the Athletico Bag includes an opening for ear buds located in the same exact location as that of the Model 330, an additional pocket with a horizontal zipper opening on the back side of the U-shaped flap, in the exact same location as in the Model 330, a nylon webbing for

securing items located on the face of the U-shaped flap, in the exact same location as on the Model 330, and two daisy chains for securing items having the exact same design and placed in the exact same locations on the backpack straps as on the Model 330. The inclusion of such additional features in the exact same arrangements and locations further demonstrates Kablink's intentional and bad faith copying of the Model 330 bag.

16. A side by side comparison of Athalon's Model 330 bag and the Athletico Bag is shown herein and demonstrates that the Athletico Bag copies the Model 330 bag substantially identically:



17. Kablink offers for sale and sells the Athletico Bag in direct competition with Athalon's Model 330 bag, at least online at www.amazon.com, to customers throughout the United States and in New York.

18. On the Amazon.com website, the Athletico Bag is depicted and offered for sale side by side with the Athalon Model 330 bag.

19. Upon information and belief, the material used by Kablink in the construction and manufacture of its Athletico Bag is of inferior quality to that used by Athalon in the manufacture of its Model 330 bag.

20. The distribution and sale by Kablink of the Athletico Bag that copies the Athalon Trade Dress and other features is without the authorization of Athalon and demonstrates a clear and deliberate intent to pass such ski boot bag off as Athalon's Model 330 ski boot bag, to confuse and mislead customers, to create a false association in the minds of consumers between such boot bag and Athalon's Model 330 boot bag, and to cause irreparable damage to Athalon's reputation and good will.

## COUNT I

### (Trade Dress Infringement and Unfair Competition Under Section 43(a) of the Lanham Act)

21. Athalon hereby repeats and re-alleges paragraphs 1 through 20 above as if fully set forth herein.

22. Unless enjoined, Kablink will continue its actions as heretofore described.

23. Kablink's use of the Athalon Trade Dress in connection with boot bags that do not originate with Athalon is likely to cause confusion, mistake and deception among purchasers as to the origin of Kablink's products, and is likely to deceive purchasers into believing that Kablink's products originate from, are associated with, or are sponsored or otherwise authorized by Athalon, when in fact they are not.

24. Kablink's actions as heretofore described demonstrate a willful intent to trade upon the reputation and goodwill developed by Athalon and associated with the Athalon Trade Dress, and are in bad faith.

25. By reason thereof, Kablink has willfully infringed the Athalon Trade Dress.

26. Athalon has been damages as a result of Kablink's actions as heretofore described, in an amount to be determined at trial.

27.     Athalon has no adequate remedy at law.

## COUNT II

### (Unfair Competition Under New York Common Law)

28.     Athalon hereby repeats and re-alleges paragraphs 1 through 27 above as if fully set forth herein.

29.     Kablink's actions as heretofore described were undertaken knowingly and willingly and constitute unfair competition under the common law of the State of New York.

30.     Athalon has no adequate remedy at law.

## COUNT III

### (New York General Business Law §349)

31.     Athalon hereby repeats and re-alleges paragraphs 1 through 30 above as if fully set forth herein.

32.     Kablink's actions as heretofore described constitute deceptive trade acts or practices in the conduct of its business, trade, or commerce in the State of New York, in violation of Section 349 of the New York General Business Law.

33.     Kablink has acted knowingly and willingly in undertaking the deceptive acts and practices heretofore described.

34.     Athalon has been injured by Kablink's deceptive acts or practices.

35.     Athalon has no adequate remedy at law.

WHEREFORE, Athalon respectfully prays for judgment in its favor and against Kablink, as follows:

(a) that Kablink has committed and is liable for acts of trade dress infringement, unfair competition, and/or deceptive trade acts;

(b) that Kablink's acts as alleged herein be found to be willful, intentional and/or in bad faith;

(c) that an injunction be entered permanently enjoining Kablink and its agents, servants, and employees, and all those in active concert and participation with it, or any of them, from all use of the Athalon Trade Dress and any trade dress confusingly similar thereto;

(d) that an accounting be had, and judgment rendered in Athalon's favor, and against Kablink, for its profits and any damages sustained by Athalon, in an amount to be determined at trial;

(e) that this case be found to be "exceptional" and that Athalon be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

(f) that Athalon be awarded its costs and disbursements incurred in connection with the prosecution of this action;

(g) for such other and further relief as to the Court may seem just, proper and equitable under the circumstances.

June 21, 2018                                     MORITT HOCK & HAMROFF, LLP

                                           By: _____
                                                Michael F. Sarney
                                                msarney@moritthock.com
                                                Michael J. Schwab
                                                mschwab@moritthock.com
                                                1407 Broadway, 39th Floor
                                                New York, New York 10018

1459630v1

7